IN THE IOWA DISTRICT COURT FOR DALLAS COUNTY

| | |
|---|---|
| WESTLAKE INVESTMENTS, L.L.C., a limited liability company<br>    Plaintiff,<br>vs.<br><br>MLP MANAGEMENT L.L.C., a limited liability company; MLP INVESTMENT, L.L.C., a limited liability company; PIONEER CONSTRUCTION, INC., CONSTRUCTION, INC., a corporation; CCC/MLP WESTLAKE, L.L.C., a limited liability company; WESTLAKE APARTMENTS, L.L.C., a limited liability company; JOE LEIBOLD, an individual; STAN McCURDY, an individual; JOHN PORTA, an individual; WILLIAM BREECE a/k/a BILL BREECE, an individual; MLP MULTI-FAMILY CONSTRUCTION, L.L.C., a limited liability company; WESTLAKE APARTMENTS, L.P., a limited liability Company; PIONEER CONSTRUCTION SERVICES, INC. a/k/a AMERWEST DEVELOPMENT COMPANY, a Corporation; MLP GROUP, L.L.C., a limited liability company; MLP GROUP, L.L.C., a limited liability company; MLP LAND DEVELOPMENT, L.L.C., a limited liability company; CCC/WESTLAKE APARTMENTS, L.L.C., a limited liability Company; CCC/WESTLAKE, L.L.C., a limited liability company; CCC/MLP INVESTMENT, L.L.C., a limited liability company;<br>    Defendants. | Law No. LACV034078<br><br>SECOND AMENDED AND SUBSTITUTED PETITION AT LAW (WITH JURY DEMAND) |

For its *Second Amended and Substituted Petition at Law (with Jury Demand)*, Plaintiff states:

## COUNT I
## BREACH OF CONTRACT AND TORTIOUS INTERFERENCE

1.  The Defendants are as follows:

    a.  At all material times, MLP Management, L.L.C. was a limited liability company organized under Missouri law.

    b.  At all material times, MLP Investment, L.L.C. was a limited liability company organized under Missouri law.

    c.  At all material times, Pioneer Construction, Inc. was a corporation organized under Missouri law.

    d.  At all material times, CCC/MLP Westlake, L.L.C. was a limited liability company organized under Iowa or Missouri law or authorized to do business in Iowa.

    e.  At all material times, Westlake Apartments, L.L.C. was a limited company organized under Missouri law.

    f.  Joe Leibold, Stan McCurdy, John Porta, and William Breece a/k/a Bill Breece (the "individuals") are individuals and were, at all material times, residents of Missouri.

    g.  At all material times, MLP Multi-Family Construction, L.L.C. was a limited liability company organized under Missouri law.

    h.  At all material times, Westlake Apartments, L.P. was a limited partnership organized under Missouri law.

    i.  At all material times, Pioneer Construction Services, Inc. a/k/a AmerWest Development Company was a corporation organized under Missouri law.

    j.  At all material times, MLP Group, L.L.C. was a limited liability organized under Missouri law.

    k.  At all material times, MLP Land Development, L.L.C. was a limited liability company organized under Missouri law.

    l.  At all material times,, CCC/Westlake Apartments, L.L.C. was a limited liability company organized under Missouri law.

    m.  At all material times, CCC/Westlake, L.L.C. was a limited liability company organized under Missouri law.

    n.  At all material times, CCC/MLP Investments, L.L.C. was a limited liability company organized under Missouri law.

o.  At all material times, Westlake Apartments, L.L.C. was a limited liability company organized under Missouri law.

2.  Plaintiff is Westlake Investments, L.L.C., a limited liability company, organized under Iowa law and conducting business in Iowa.

3.  At all material times, Defendants were acting through agents, employees, and representatives within their express, implied, actual, and ostensible agency, duties, and authority, and each Defendant was such an agent, employee, and/or representative of the other.

4.  By written agreement ("Purchase Agreement;" copy attached), Defendant CCC/MLP Westlake, L.L.C. and Defendant Westlake Apartments L.L.C. (at least, nominally) sold property with improvements locally known as Westlake Apartments ("Westlake property") to Plaintiff Westlake Investments, L.L.C. (the "transaction"); by its terms and the parties' intent, the transaction was to be performed in Dallas County, Iowa.

5.  Among other things, the Purchase Agreement provided and the parties contemplated that the construction of the improvements would be "first class and of workmanlike quality;" the individual units would be used for residential occupancy as apartments or sold as condominium units; and the improvements would be reasonably suited to such uses.

6.  Defendant CCC/MLP Westlake, L.L.C., Defendant Westlake Apartments L.L.C., and the other Defendants materially and improperly breached or caused the breach of the Purchase Agreement and the terms of the transaction; even though some Defendants did not sign the Purchase Agreement, they were involved such that they should be regarded as signatory; Plaintiff performed its terms of the transaction.

7.  As a result, Plaintiff Westlake Investments L.L.C. suffered various damages including, but not limited to repairs and maintenance expense, loss of profits and revenues on rentals and condominium sales, attorney fees, costs, interest (both litigation and acquisition/finance interest), and other damages.

8.  At all material times, Plaintiff was and Defendants were actively conducting business in Dallas County, Iowa, where substantially all of their business involving the transaction (for the purposes of this litigation) was conducted.

9.  Each Defendant has ratified the acts and omissions of the other, is estopped, and has waived the right to assert purported defenses and lack of liability for the alleged acts and omissions and venue and jurisdiction in Dallas County, Iowa, to which they impliedly, if not, expressly, agreed.

10.  Plaintiff believes and, therefore, alleges that each corporation, limited liability company, limited partnership, limited partner, and the individual Defendants was materially involved in one form or another (as a party, guarantor, owner, grantor or otherwise) in the breach of contract and other wrongdoings alleged in each Count, including tortuous interference with

each Defendants' agreements with Plaintiff and prospective business; however, Plaintiff has been unable to unravel their inter-relationships and respective liabilities and may not be able to do so until after discovery or at trial.

WHEREFORE, Plaintiff prays judgment against Defendants, jointly and severally, for fair damages with interest, costs, attorney fees, and for such relief as is just, including reformation of the documents to manifest (a) what happened, (b) ought to have happened, (c) the parties' intent, and (d) other equitable relief, including imposition of a constructive trust.

## COUNT II
## PIERCING THE CORPORATE VEIL

11. Plaintiff realleges paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, and 10 of Count I, paragraph 15 of Count III, paragraph 17 of Count IV, paragraph 19 of Count V, paragraph 21 of Count VI, paragraph 23 of Count VII, and paragraphs 25 and 26 of Count VIII.

12. All non-individual Defendants were formed by the other Defendants and became their *alter ego* (willfully and wantonly so) and the *alter ego* of each other to where (a) the non-individual Defendants had no existence separate from the individual Defendants and each other; (b) were under-capitalized; and (c) were otherwise employed such that they effected illegality, fraud, and other wrongful acts and omissions to where it was and is inequitable for Defendants to conduct business through them without liability for them; their corporate veil should be pierced, and their purported acts and omissions (some of which are alleged herein) should be regarded as the other Defendants'.

13. Defendants' acts and omissions (some of which are alleged herein) were with actual and legal malice.

WHEREFORE, Plaintiff prays judgment against Defendants, jointly and severally, as in Count I, for exemplary damages, and piercing the corporate veil with liability imputed to and judgment entered, accordingly, against all Defendants, jointly and severally.

## COUNT III
## FRAUD/WILLFUL AND WANTON MISREPRESENTATION

14. Plaintiff realleges paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, and 10 of Count I, paragraphs 12 and 13 of Count II, paragraph 17 of Count IV, paragraph 19 of Count V, paragraph 21 of Count VI, paragraph 23 of Count VII, and paragraphs 25 and 26 of Count VIII.

15. Defendants committed fraud by material, false representations, concealments and non-disclosures through their representatives with scienter and intent to deceive, on which Plaintiff relied to its detriment; among other things, Defendants knew, failed to disclose and concealed that some of the units had problems with water leaks, defects and other damage to the building from numerous complaints received from residents before the sale was completed on November 18, 2003, and from other sources; and Defendants failed to disclose them, and in fact, directed maintenance and repair workers to conceal them, so that Plaintiff would not learn of

them before the closing; these actions and omissions were willful and wanton, with reckless disregard for the truth and constituted a willful and wanton misrepresentation in addition to fraud.

WHEREFORE, Plaintiff prays as in Counts I and II.

## COUNT IV
### BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

16. Plaintiff realleges paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, and 10 of Count I, paragraphs 12 and 13 of Count II, paragraph 15 of Count III, paragraph 19 of Count V, paragraph 21 of Count VI, paragraph 23 of Count VII and paragraphs 25 and 26 of Count VIII.

17. Defendants breached the covenant of good faith and fair dealing implied in the transaction, both in negotiating and performing it.

WHEREFORE, Plaintiff prays as in Counts I and II.

## COUNT V
### CONSPIRACY

18. Plaintiff realleges paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, and 10 of Count I, paragraphs 12 and 13 of Count II, paragraph 15 of Count III, paragraph 17 of Count IV, paragraph 21 of Count VI, paragraph 23 of Count VII, and paragraphs 25 and 26 of Count VIII.

19. Defendants conspired to do that which is alleged in all Counts.

WHEREFORE, Plaintiff prays as in Counts I and II.

## COUNT VI
### BREACH OF IMPLIED, ORAL, AND OTHER COVENANTS AND PROMISES

20. Plaintiff realleges paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, and 10 of Count I, paragraphs 12 and 13 of Count II, paragraph 15 of Count III, paragraph 17 of Count IV, paragraph 19 of Count V, paragraph 23 of Count VII, and paragraphs 25 and 26 of Count VIII.

21. Defendants breached oral, implied and other covenants and promises.

WHEREFORE, Plaintiff prays as in Counts I and II.

## COUNT VII
### IMPROPER CORPORATE DISTRIBUTIONS

22. Plaintiff realleges paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, and 10 of Count I, paragraphs 12 and 13 of Count II, paragraph 15 of Count III, paragraph 17 of Count IV, paragraph 19 of Count V, paragraph 21 of Count VI, and paragraphs 25 and 26 of Count VIII.

23. Plaintiff believes and, therefore, alleges that, in one form or another, Defendants effected illegal and improper distributions (dividends, fraudulent conveyances, and otherwise) from each of the non-individual Defendants, which have adversely implicated their solvency (in fact, rendering them insolvent) and otherwise adversely impacted their ability to honor warranties and pay known or other creditors; Defendants expressly and impliedly ratified, acquiesced in, have waived the right and are estopped to disclaim knowledge and benefit of the distribution of assets from Defendants.

WHEREFORE, Plaintiff prays as in Counts I and II.

## Count VIII
### UNJUST ENRICHMENT AND CONSTRUCTIVE TRUST

24. Plaintiff realleges paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, and 10 of Count I, paragraphs 12 and 13 of Count II; paragraph 15 of Count III, paragraph 17 of Count IV, paragraph 19 of Count V, paragraph 21 of Count VI, and paragraph 23 of Count VII.

25. Defendants will be unjustly enriched if Plaintiff is not awarded the relief prayed.

26. The Court should impose a constructive trust (in equity) on the amount by which Plaintiff has been damaged and Defendants have been unjustly enriched.

WHEREFORE, Plaintiff prays as in Counts I and II.

## JURY DEMAND

Plaintiff demands a jury trial.

*John R Hearn*
John R. Hearn, Attorney for Plaintiff
I.D. PK0002228
5200 Welker
Des Moines, Iowa 50312
(515) 255-9077

ORIGINAL FILED

COPY TO:

Richard G. Book
2700 Westown Parkway, Suite 170
West Des Moines, IA 50266

## PROOF OF SERVICE

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause by depositing a copy thereof in the U.S. Mail, postage prepaid, in envelopes addressed to each of the attorneys of record herein at their respective addresses disclosed on the pleadings on Nov 2 , 2008.